UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CIRO CAMACHO,<br><br>　　　　　Petitioner,<br>　v.<br><br>TIM GARRETT, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:23-cv-00001-MMD-CSD<br><br>ORDER |

*Pro se* Petitioner Ciro Camacho has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This matter comes before the Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Camacho's motion for appointment of counsel (ECF No. 1-2). For the reasons discussed below, the Court directs service of the Petition and grants Camacho's motion.

**I.　BACKGROUND**[1]

Camacho challenges a conviction and sentence imposed by the Ninth Judicial District Court for Douglas County. On September 29, 2018, the state court entered a judgment of conviction, pursuant to a guilty plea, for sexual assault of a child under the age of 14 and two counts of using a minor in producing pornography. Camacho was sentenced to an aggregate term of life with parole eligibility after 55 years. Camacho appealed, and the Nevada Court of Appeals affirmed on October 15, 2019. Remittitur issued on November 13, 2019.

---

[1]The Court takes judicial notice of the online docket records of the Nevada appellate courts. These docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On September 11, 2020, Camacho filed a state petition for writ of habeas corpus. The state court denied post-conviction relief, and Camacho filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial on December 15, 2022. On or about January 3, 2023, Camacho initiated this federal habeas corpus proceeding.

**II.     DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.

This Court now turns to Camacho's motion for the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Camacho. The Court finds that appointment of counsel is in the interests of justice given, among other things, Camacho's lengthy sentence.

///

### III. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted.

The Clerk of Court is directed to file the Petition (ECF No. 1-1) and the motion for appointment of counsel (ECF No. 1-2).

The Clerk of Court is further directed to: (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents; and (2) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1) and electronically provide Respondents' counsel a copy of this order and copies of all other items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

It is further ordered that the motion for appointment of counsel (ECF No. 1-2) is granted. The Clerk of Court is further directed to electronically serve the Federal Public Defender a copy of this order and the Petition (ECF No. 1-1). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to: (1) undertake direct representation of Camacho by filing a notice of appearance; or (2) indicate the office's inability to represent Camacho in these proceedings. If the Federal Public Defender is unable to represent Camacho, the Court will appoint alternate counsel. Appointed counsel will represent Camacho in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Camacho remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or

by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is finally directed to send a copy of this order to Camacho and the CJA Coordinator for this division.

DATED THIS 5th Day of January 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE