1

2

3                          UNITED STATES DISTRICT COURT

4                                 DISTRICT OF NEVADA

5                                         * * *

6    CIRO CAMACHO,                              Case No. 3:23-cv-00001-MMD-CSD

7                              Petitioner,                        ORDER

8          v.

9    TIM GARRETT, et al.,

10                             Respondents.

11

12          Petitioner Ciro Camacho, a Nevada prisoner, has filed a counseled First-Amended

13   Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 12 ("First-

14   Amended Petition").) Currently before the Court is Respondents' motion to dismiss the

15   First-Amended Petition. (ECF No. 16 ("Motion").) Camacho opposed the Motion, and

16   Respondents replied. (ECF Nos. 21, 24.) In Respondents' Motion, they argue, in part,

17   that ground 1(b)(3) is unexhausted or, alternatively, is technically exhausted but

18   procedurally defaulted. (ECF No. 16.) In their reply, Respondents explain that they

19   inadvertently labeled ground 1(b)(2) as ground 1(b)(3) in their motion to dismiss. (ECF

20   No. 24 at 5 n.1.) Given this issue, this Court ordered Camacho to file a surreply. (ECF

21   No. 25.) Camacho timely complied. (ECF No. 26.) As further discussed below, the Court

22   denies the Motion.

23   I.     PROCEDURAL HISTORY

24          On August 30, 2017, Camacho was indicated on 5 counts of sexual assault of a

25   child under the age of 14 years, 2 counts of using a minor in the production of

26   pornography, and 4 counts of sexual assault of a child under the age of 14 years. (ECF

27   No. 17-2.) Camacho entered a plea agreement, agreeing to plead guilty to 1 count of

28   sexual assault of a child under the age of 14 years and 2 counts of using a minor in the

production of pornography in return for the state dismissing the remaining charges. (ECF No. 17-22.) Camacho was sentenced to an aggregate term of 55 years to life. (*Id.*) Camacho appealed, and the Nevada Court of Appeals affirmed. (ECF No. 17-39.)

Camacho petitioned the state court for post-conviction relief. (ECF No. 17-46.) The state court denied Camacho's petition. (ECF No. 18-12.) Camacho appealed, and the Nevada Supreme Court affirmed. (ECF No. 18-27.)

Camacho commenced this federal habeas action on or about January 3, 2023. (ECF No. 1.) This Court granted Camacho's motion for the appointment of counsel and appointed the Federal Public Defender to represent Camacho. (ECF Nos. 3, 9.) Camacho raises the following grounds for relief in his First-Amended Petition:

1(a).   His trial counsel failed to move to suppress illegally obtained evidence.
1(b).   His trial counsel failed to move to dismiss the indictment based on (1) the state's evidence being illegally obtained, (2) false testimony at the grand jury, (3) improper notice of the grand jury proceedings, and (4) the grand jury not being sworn in.
1(c).   His trial counsel failed to object to the admission of exhibits at sentencing.
2.      The cumulative prejudicial effect of grounds 1(a) and 1(b).

(ECF No. 12.)

## II.   LEGAL STANDARDS & ANALYSIS

Respondents argue that: (1) ground 1(b)(2) and 1(c) are unexhausted or, alternatively, are technically exhausted but procedurally defaulted; and (2) grounds 1(a), 1(b)(1), 1(b)(2), 1(b)(3), and 2 are barred by *Tollett v. Henderson.* (ECF No. 16.) The Court addresses these arguments in turn.

### A.   Exhaustion and Procedural Default

#### 1.   Exhaustion legal standard

A state prisoner must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A

petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To present a claim, a petitioner must present the substance of his claim fully and fairly to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277-78.

### 2.    Procedural default legal standard

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied the claim based on an independent and adequate state procedural rule. *See Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000). "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005) (internal quotation marks omitted). When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *See Maples v. Thomas*, 565 U.S. 266, 280-81 (2012). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *See Murray v. Carrier*, 477 U.S. 478, 494 (1986).

### 3.    Ground 1(b)(2)

Respondents argue that ground 1(b)(2) is unexhausted. (ECF No. 24 at 5.) Camacho rebuts that ground 1(b)(2) is exhausted because the Nevada Supreme Court

decided it on the merits. (ECF No. 26 at 3.) As a reminder, in ground 1(b)(2), Camacho alleges that his trial counsel failed to move to dismiss the indictment based on false testimony at the grand jury proceeding. (ECF No. 12 at 22.)

In his opening brief to the Nevada Court of Appeals appealing the denial of his state post-conviction petition, Camacho argued that his "trial counsel failed to move to dismiss the indictment," explaining that "[t]he alleged basis for dismissal was the failure to serve notice of the grand jury, swear in the grand jury, or that the grand jury indictment was based on illegally obtained evidence." (ECF No. 13-10 at 28.) These three bases correspond to grounds 1(b)(3), 1(b)(4), and 1(b)(1), respectively, of the First-Amended Petition. Notably, ground 1(b)(2) of the First-Amended Petition was not included as one of these bases. Camacho alleges that ground 1(b)(2) was also presented to the Nevada Court of Appeals, arguing that he stated the following within his discussion about his trial counsel's failure to move to dismiss the indictment:

> Camacho's other contents are duplicative of his due process claims, which are discussed in more detail below. As a result, whether counsel was effective is intertwined with the merits of those claims. *Incorporating the arguments below*, prejudice is shown in that a motion to dismiss based on those arguments probably would have been granted.

(ECF No. 13-10 at 29 (emphasis added).) Regarding "the arguments below," Camacho argued that the state court erred in finding that he failed to demonstrate cause and prejudice to overcome procedural bars. (*Id.* at 31.) Included within his cause and prejudice argument, Camacho alleged the following due process claim: "the grand jury relied on 'perjured' testimony by the officer who examined Camacho's phone." (*Id.* at 35.) Camacho then asserted that "[h]ad this issue been raised on direct appeal, *or by trial counsel (as discussed above)*, it would have had a reasonable probability of success." (*Id.* (emphasis added).)

Unlike grounds 1(b)(1), 1(b)(3), and 1(b)(4), Camacho did not specifically include ground 1(b)(2) within his ineffective assistance of trial counsel claim in his opening brief to the Nevada Court of Appeals. However, he incorporated ground 1(b)(2) into his ineffective assistance of trial counsel claim at the beginning of his opening brief to the

Nevada Court of Appeals, and he provided the factual support for ground 1(b)(2) later in his opening brief in his discussion about cause and prejudice. Accordingly, this Court finds that Camacho fully and fairly presented ground 1(b)(2) to the Nevada Court of Appeals, so it is exhausted.

### 4.     Ground 1(c)

Camacho admits that ground 1(c) is unexhausted, but he submits that it is technically exhausted and procedurally defaulted and that he can overcome the default under *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 21 at 6.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Camacho would face several procedural bars if he were to return to state court. *See, e.g.*, NRS §§ 34.726, 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, this Court has generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted because the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *See* 566 U.S. 1, 9

(2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Camacho advances only *Martinez* as a basis for excusing the anticipatory default of ground 1(c). (*See* ECF No. 21.) Accordingly, this Court considers ground 1(c) technically exhausted and procedurally defaulted. Because the cause and prejudice questions of overcoming the procedural default of ground 1(c) are necessarily intertwined with the merits of ground 1(c), this Court will defer a determination of whether Camacho can overcome the procedural default of ground 1(c) until the time of merits determination.

### B.   *Tollett v. Henderson*

Respondents argue that grounds 1(a), 1(b)(1), 1(b)(2), 1(b)(3), and 2 are barred by *Tollett v. Henderson*. (ECF No. 16 at 8.) In *Tollett v. Henderson*, the United States Supreme Court stated: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea." 411 U.S. 258, 267 (1973). However, in examining the holding in *Tollett*, the Court of Appeals for the Ninth Circuit held that "claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F. 3d 1164, 1170 (9th Cir. 2017). Because grounds 1(a), 1(b)(1), 1(b)(2), 1(b)(3), and 2 are all ineffective assistance of counsel claims, *Tollett* does not preclude them.

///

///

1

**III.    CONCLUSION**

2            It is therefore ordered that Respondents' Motion (ECF No. 16) is denied as follows:

3 (1) ground 1(b)(2) is exhausted, (2) ground 1(c) is technically exhausted and procedurally

4 defaulted, and (3) grounds 1(a), 1(b)(1), 1(b)(2), 1(b)(3), and 2 are not barred by *Tollett*.

5 This Court defers consideration of whether Camacho can demonstrate cause and

6 prejudice under *Martinez* to overcome the procedural default of ground 1(c) until after the

7 filing of an answer and reply in this action.

8            It is further ordered that Respondents must file an answer to the First-Amended

9 Petition within 60 days of the date of entry of this order. Camacho will then have 30 days

10 from service of the answer within which to file a reply.

11            DATED THIS 11th Day of March 2024.

12

13            _____

14            MIRANDA M. DU
             CHIEF UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28